[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#155)
The plaintiff, Janet Wint, was injured when she tripped and fell on a carpet that was bunched up on the platform of the Bridgeport train station. The plaintiff brought an action against the owner of the premise, the City of Bridgeport, as well as Ronald Dodsworth, who was the general manager of the Greater Bridgeport Transit District,[1] and the National Railroad Passenger Corporation a/k/a Amtrak. On October 22, 1998, the court, Thim, J., granted the plaintiffs motion to cite in an additional party, Metro-North Commuter Railroad.
The plaintiffs second amended complaint contains eight counts. In the first four counts against the City of Bridgeport and Dodsworth, the plaintiff alleges, inter alia, that, the City of Bridgeport owned and maintained possession and control of the Bridgeport Train Station. The plaintiff further alleges that the City of Bridgeport, through its agent and employee Dodsworrh. had a duty to maintain the premises in a reasonably safe condition, and that it breached that duty. In counts five and six, the plaintiff alleges that Amtrak owned and maintained CT Page 11397 possession and control of the Bridgeport train station. and asserts causes of action against Amtrak for negligence and public nuisance. In counts seven and eight, the plaintiff alleges that Metro North owned and maintained possession and control of the Bridgeport Train Station, and asserts causes of action against Metro North for negligence and public nuisance.
The City of Bridgeport now moves for summary judgment on counts one through four. The City of Bridgeport filed a memorandum of law in support of its motion for summary judgment (Defendant's Memorandum) together with an affidavit from Attorney William Wenzel and an agreement between the City of Bridgeport and the state of Connecticut department of transportation. The plaintiff filed an objection to the motion for summary judgment. and a memorandum in support thereof.
"[S]ummary judgment shall be rendered forthwith if the pleadings. affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which. under applicable principles of substantive law, entitle him to a judgment as a matter of law and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment."Great Country Bank v. Pastore, 241 Conn. 423, 436, 696 A.2d 1254 (1997).
In the present case, the City of Bridgeport submitted an agreement between itself and the state of Connecticut department of transportation in support of its motion for summary judgment. The agreement purports to turn over possession and control of the Bridgeport train station to the department of transportation. (Defendant's Memorandum, Exhibit C.) Neither the authenticity of the document nor its validity has been attested to by either party to the agreement, and the plaintiff objected to the court's consideration of the document on this basis. "[U]ncertified copies of documents to which no affidavit exists attesting to their authenticity . . . do not constitute proof of documentary evidence." (Internal quotation marks omitted.) Chapman v. Franford, Superior Court, judicial district of New London at New London, Docket No. 536034 (April 24, 1997, Handy, J.); see also Kurelaitis v. Lyon, Superior Court, judicial district of New Haven at New Haven, Docket No. 379930 (October 8, 1998, Moran, J.). Therefore, the court may not consider this document in deciding the motion for summary judgment. However, because the agreement appears to be dispositive in this case, CT Page 11398 the court denies the motion for summary judgment without prejudice to allow the City of Bridgeport the opportunity to submit an affidavit attesting to the agreement's authenticity and validity.
JOHN W. MORAN, JUDGE